UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
JAMES ANTHONY DAVIS (SON),

                      Plaintiff,

       -against-                                    1:20-CV-8125 (LLS)

HOSIE DAVIS JR. (FATHER); BEULAH                    ORDER
DAVIS (MOTHER),

                      Defendants.
```

LOUIS L. STANTON, United States District Judge:

By order dated November 20, 2020, the Court denied Plaintiff's application to proceed in this court *in forma pauperis* ("IFP") and dismissed this action without prejudice because the Court understood that Plaintiff, who appears *pro se*, is barred under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), from filing federal civil actions IFP as a prisoner.[1] *Davis v. Davis*, No. 1:20-CV-8125, 2020 WL 6875061 (S.D.N.Y. Nov. 20, 2020). But the Court granted Plaintiff 30 days from the date of that order to pay the relevant fees to bring this action. *Id.* Because Plaintiff failed to pay those fees within the time allowed, on January 29, 2021, the Court entered judgment dismissing this action without prejudice under § 1915(g).

On February 17, 2021, the Court received from Plaintiff a notice of appeal, a motion for leave to proceed IFP on appeal, as well as a motion for an extension of time to file a notice of appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. (ECF 5, 6, & 7.) By order

---

[1] Plaintiff is presently incarcerated in the High Desert State Prison, in Indian Springs, Nevada.

dated March 19, 2021, the Court denied Plaintiff's motion for an extension of time as unnecessary and granted Plaintiff's motion for leave to proceed IFP on appeal.

In the Court's March 19, 2021 order, the Court noted that upon discovery of the July 15, 2020 opinion of Judge Boulware of the United States District Court for the District of Nevada – a copy of which Plaintiff had included with his notice of appeal – the Court was informed, for the first time, that since the age of fourteen, Plaintiff had been deemed legally incompetent. *Davis v. Davis*, ECF 1:20-CV-8125, 8, at 2-3 (S.D.N.Y. Mar. 19, 2021) (citing *Davis v. Neven*, No. 2:15-CV-1574, 2020 WL 4032265 (D. Nev. July 15, 2020)). The Court held that Judge Boulware's opinion had "cast serious doubt" on the dismissals that the Court had relied on as "strikes" when the Court recognized, in its November 20, 2020 order, Plaintiff as barred under the PLRA's three-strikes provision, 28 U.S.C. § 1915(g). *Id.* at 3. The Court stated that the November 20, 2020 order "must be set aside, even though the case would . . . have been unable to proceed for lack of counsel." *Id.* (citing *Berrios v. New York City Hous. Auth.*, 564 F.3d 130 (2d Cir. 2009)). But the Court also noted that because Plaintiff had filed a timely notice of appeal, the Court lacked the power to set aside that order. *Id.*

In a July 1, 2021 decision, the United States Court of Appeals for the Second Circuit remanded this action to the Court and dismissed Plaintiff's appeal "because the district court has issued an indicative order stating that it would set aside its dismissal order. . . ." *Davis v. Davis*, No. 21-392, 2021 WL 3674107 (2d Cir. July 1, 2021).

Following the action's remand to this Court, by order dated September 7, 2021, the Court granted Plaintiff's IFP application.[2]

---

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* § 1915(b)(1).

For the reasons discussed below, the Court vacates its November 20, 2020 order recognizing Plaintiff as barred under the PLRA's three-strikes provision, 28 U.S.C. § 1915(g), and its January 29, 2021 judgment dismissing this action without prejudice for that reason. But for the following reasons, the Court dismisses this action for lack of subject-matter jurisdiction.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who proceed IFP. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff, a Nevada state prisoner, asserts claims under the Court's diversity jurisdiction. He alleges that he is a citizen of the State of New York. (ECF 2, at 2.) He sues his parents, Hosie Davis Jr. and Beulah Davis, and alleges that his father, Hosie Davis Jr., is also a citizen of the State of New York. In addition, it appears that Plaintiff alleges the same of his mother, Beulah Davis, as he alleges that both of his parents are located at the same address in Medford, Suffolk County, New York. (*Id.* at 3-4.) Plaintiff asserts claims arising from his parents' alleged neglect

and abuse of him – including sexual abuse of him– while he was a minor.[3] (*Id.* at 2, 5-6.) He seeks damages and asks the Court to enjoin his parents from telephoning him, sending him any mail, visiting him, or sending anyone to visit him. In addition, he asks the Court to criminally charge his parents and to issue "a divorce from [his] parents for good." (ECF 2, at 6.)

## DISCUSSION

**A.     The Court vacates its previous order and judgment dismissing this action**

As the Court previously noted, in its November 20, 2020 order, the Court recognized Plaintiff as barred under the PLRA's three-strikes provision, 28 U.S.C. § 1915(g), by relying on dismissals (or "strikes") that were incurred by Plaintiff as a legally incompetent prisoner appearing *pro se*.[4] *Davis*, ECF 1:20-CV-8125, 8, at 3. But because "[an] . . . incompetent person normally lacks the capacity to bring suit for himself," *Berrios,* 564 F.3d at 134, a legally incompetent prisoner lacks the capacity to incur strikes under § 1915(g) with respect to any *pro se* litigation he files while he is legally incompetent, *cf. Harris v. Mangum*, 863 F.3d 1133, 1139-40 (9th Cir. 2017) ("[I]f (1) the disposition of [a prisoner's] lawsuit resulted in his receiving a strike and (2) that strike could impact his ability to bring future lawsuits in forma pauperis, [the prisoner] had a protectable interest in the litigation" that could trigger the protections afforded to an incompetent person under Fed. R. Civ. P. 17(c)).

---

[3] Plaintiff does not provide his age or date of birth in his complaint. But according to the inmate search feature within the website of the Nevada Department of Corrections, https://ofdsearch.doc.nv.gov/, Plaintiff is currently fifty-three years old.

[4] Under the PLRA's three-strikes provision, 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [IFP] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

4

Plaintiff has been legally incompetent since he was fourteen years old. Thus, he did not have the capacity to incur the strikes that the Court previously relied on to recognize him as barred under § 1915(g). The Court therefore vacates its November 20, 2020 order and January 29, 2021 judgment dismissing this action without prejudice under § 1915(g).

**B.     The Court lacks subject-matter jurisdiction to consider this action**

The Court must dismiss this action because the Court lacks subject-matter jurisdiction to consider Plaintiff's claims. The subject-matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court's jurisdiction is available only when a "federal question" is presented or, when a plaintiff asserts claims under state law under the Court's diversity jurisdiction, when the plaintiff and the defendants are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

"'[I]t is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

To establish the Court's diversity jurisdiction, a plaintiff must first show that he and the defendants are citizens of different states. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original'

diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where he is domiciled, which is defined as the place where he "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id*. And "[w]hen a prisoner is incarcerated in a state different from his previous domicile, there is a rebuttable presumption that the prisoner retains his pre-incarceration domicile rather than acquiring a new domicile." *Mendoza v. Mladinich*, No. 1:20-CV-10010, 2021 WL 2186231, at *2 (S.D.N.Y. May 20, 2021) (alteration in original, internal and quotation marks omitted).

There is a second component to diversity jurisdiction – the amount in controversy must be in excess of the sum or value of $75,000. *See* § 1332(a). The sum claimed by a plaintiff will control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The Court can dismiss a complaint for failing to plead that the amount in controversy exceeds the sum or value of $75,000, but only if there is "a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke [diversity] jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *see Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993) ("[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses.").

Plaintiff alleges that he and at least one, if not both, of his parents are citizens of the State of New York. The parties are therefore not diverse, and the Court thus lacks diversity jurisdiction

to consider Plaintiff's claims. Accordingly, the Court dismisses this action for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Because the Court dismisses this action for lack of subject-matter jurisdiction, which is not an adjudication on the merits, *St. Pierre v. Dyer*, 208 F.3d 394, 400 (2d Cir. 2000), it need not address the issue of Plaintiff's appearing *pro se* in this action while he is legally incompetent, *see Galanova v. Portnoy*, 432 F. Supp.3d 433, 442 (S.D.N.Y. 2020) ("In cases in which the plaintiff is incapacitated, and therefore unable to proceed pro se, and is unrepresented, the district court must not reach the merits of a claim filed on behalf of an incompetent person who is not properly represented by a suitable guardian and through counsel." (internal quotation marks and citation omitted)); *cf. Berrios*, 564 F.3d at 135 (district courts are permitted to dismiss claims brought on behalf on an incompetent person when "no substantial claim could be asserted," but may only do so without prejudice).

## C.    Leave to amend is denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

The Court vacates its November 20, 2020 order and its January 29, 2021 judgment. (ECF 3 & 4.)

The Court dismisses this action for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

SO ORDERED.

Dated:  September 7, 2021
        New York, New York

                                                    _____
                                                          Louis L. Stanton
                                                             U.S.D.J.

8